IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PEGGY SUE DAVID,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )      Civil Action No. 23-974
                                          )
COMMISSIONER OF SOCIAL SECURITY,          )
                                          )
            Defendant.                    )
                                          )

O R D E R

AND NOW, this 28th day of June, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

1

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642

F.2d 700, 705 (3d Cir. 1981)).[1]

―――――――――――

[1]      Plaintiff raises several arguments as to why substantial evidence does not support the Administrative Law Judge's ("ALJ") determination.   Specifically, Plaintiff contends the ALJ's residual functional capacity ("RFC") assessment unreasonably failed to incorporate the full limiting effects of Plaintiff's physical and mental impairments as demonstrated by the record.   (Doc. No. 8).   Plaintiff argues this defective RFC is based on the ALJ's analyses of the opinions of Drs. Chantal Deines, Psy. D., Melita Konecke, M.D., and Rekha Galla, M.D., all of whom described greater limitations than those incorporated into the RFC, and Plaintiff alleges that these opinions establish that she is disabled.   (*Id.* at 10-12).   Plaintiff further posits that the ALJ incorrectly rejected Drs. Konecke and Galla's opinions as these opinions were consistent with objective evidence and negative exam findings, the doctors' own findings and treatment notes, and with the state agency administrative findings.   (*Id.* at 12-17).   As part and parcel of this argument, Plaintiff contends that the ALJ inappropriately found both of these opinions were of diminished persuasive value due to Plaintiff's conservative treatment.   (*Id.* at 15-17). Lastly, Plaintiff asserts that the vocational expert ("VE") testimony is not supported by substantial evidence as it was based on a defective RFC.   (*Id.* at 9).   After conducting its own careful and independent review of the record, the Court finds that Plaintiff's contentions are without merit.

The Court first finds that the ALJ's consideration of Drs. Denies, Konecke, and Galla's opinions is supported by substantial evidence.   The Court notes that "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability."   82 Fed. Reg. 5844-01, 2017 WL 168819, at 5853 (Jan. 18, 2017). *See also* 20 C.F.R. §§ 404.1520c(b) and (c).   One court has explained the distinction between supportability and consistency as follows: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record."   *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

Here, the ALJ adequately analyzed the opinion of consultative examiner Dr. Deines.   (R. 33-34).   The ALJ found this opinion "mostly unpersuasive" as it was not well supported by Plaintiff's mental status examination, among other reasons, and was inconsistent with Plaintiff's treatment levels, which did not include specialist care, therapy, inpatient care, or emergency care, among other reasons.   (R. 34).   Dr. Deines opined that Plaintiff had a marked limitation in carrying out simple instructions, a moderate limitation in understanding and remembering complex instructions, a moderate limitation in the ability to make judgments on complex work-related decisions, a moderate limitation in

interacting with the public, and a marked limitation in responding appropriately to usual work situations and changes in a routine work setting, among other limitations.   (R. 33-34; Ex.7F/8-9).   The ALJ found these limitations were not supported because Plaintiff's mental status examinations did not show anything resembling marked limitations and because Dr. Deines "supported some of her conclusions with either subjective reports or statement[s] about physical functioning instead of relying upon her own objective psychological testing."   (R. 34).   Further, the ALJ found Dr. Deines' opinion was inconsistent with Plaintiff's "treatment level[,] which did not include specialist care, therapy, inpatient care, or emergency care . . . [i]t [was] also inconsistent with the other mostly normal mental status examinations of record . . . [and] with the [Plaintiff's] ability to travel on a weekly basis, go to New York, and go on vacation."   (Id.).   The ALJ went on to note that this opinion was "vastly inconsistent with the opinions of Dr. Roberts and Dr. Mancini[,]" who both opined that Plaintiff had mostly mild to moderate limitations. (Id.; Exs. 2A, 4A).   This thorough analysis of the supportability of Dr. Deines' opinion measured against her articulated support for her own opinion and the consistency of her opinion weighed against the other evidence of record is sufficient.   Accordingly, the ALJ's analysis of Dr. Deines' opinion is supported by substantial evidence.

Additionally, the ALJ's analysis of Dr. Konecke's opinion is supported by substantial evidence.   The ALJ found Dr. Konecke's consultative opinion to be only partially persuasive after finding it was neither consistent with nor supported by the record. (R. 32).   Dr. Konecke found Plaintiff was limited in physical ability such that Plaintiff could only occasionally lift twenty pounds, never carry eleven pounds, could stand and walk for one hour at a time and for only four hours in one day, and could occasionally engage in postural maneuvering but can never climb ladders or scaffolds, among other limitations.   (R. 32; Ex. 8F/6-9).   The ALJ stated this opinion was not supported by Dr. Konecke's examination, which showed mostly normal findings.   (R. 32).   Further, Dr. Konecke "did not complete the section of pro forma document that allows him to 'identify the particular medical or clinical findings which support your assessment,'" making his opinion less supported.   (Id. (citing Ex. 8F/7)).   The ALJ also found this opinion to be inconsistent with Plaintiff's "conservative level of treatment which did not include surgery and included only three sessions of physical therapy . . . [and] with the [Plaintiff's] normal gait on examination, negative straight leg raise test, normal strength, and very mild reductions in range of motion[.]"   (R. 32).   However, the ALJ also noted that Dr. Konecke's opined walking and standing limitations per eight hours a day were consistent with the opinions of Drs. Anne Prosperi, D.O., and Lorlyne Lange, D.O.   (Id.). Additionally, the ALJ's statement that this opinion was inconsistent with Plaintiff's conservative level of treatment was proper for reasons explained below.   In sum, the ALJ's analysis of Dr. Konecke's opinion was thorough and is supported by substantial evidence.

_____

        The ALJ also adequately analyzed the opinion of Dr. Galla.    The ALJ found Dr. Galla's opinion not persuasive as it was neither supported by Dr. Galla's clinical findings nor consistent with evidence of record.    (R. 32).    Dr. Galla opined that Plaintiff was very limited in that she could only occasionally lift and carry less than ten pounds, never lift and carry ten pounds, stand and walk for less than two hours in one day, periodically alternate sitting, standing, and eventually lie down, among other limitations.    (*Id.*; Ex. 15F/2). The ALJ explained that this opinion was not persuasive because it was "not well supported by citation to any clinical findings . . . [and was] inconsistent with Dr. Galla's own treatment notes which [did] not show this level of dysfunction."    (R. 32).    The ALJ further found this opinion inconsistent with Plaintiff's conservative treatment, with Plaintiff's mostly normal examination findings within the record, and with the opinions of Drs. Lange and Prosperi.    (*Id.*).    As explained below, the ALJ was correct in stating that this opinion was inconsistent with Plaintiff's conservative treatment.    Thus, the ALJ's analysis of Dr. Galla's opinion was thorough and is supported by substantial evidence.

        Plaintiff's arguments to the contrary are not compelling.    Plaintiff points to objective evidence within the record, such as Plaintiff's multiple tests showing greater postural limitations, which she alleges supports Drs. Konecke and Galla's opinions. (Doc. No. 8 at 13).    Further, Plaintiff contends that Drs. Konecke and Galla's findings and treatment notes support their opined limitations and do not align with the ALJ's summary that these showed "mostly normal findings."    (*Id.* at 13-14).    Plaintiff likewise argues that the ALJ inappropriately compared Drs. Konecke and Galla's opinions to those of the state administrative agency doctors' opinions.    (*Id.* at 14-15).    However, these arguments are merely a request to reweigh the evidence, which this Court cannot do.    *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986).    Further, Plaintiff's argument rests on a misunderstanding of the law as the ALJ is permitted to – and indeed required to – compare a medical expert's opinion to other opinions within the record.    *See* SSR 96-5p, 1996 WL 374183, at **12-13 (July 2, 1996) (stating "[a] medical source's statement about what an individual can still do is medical opinion evidence that an adjudicator must consider together with all of the other relevant evidence (including other medical source statements that may be in the case record) when assessing an individual's RFC.").

        Plaintiff also contends that the ALJ mischaracterized the evidence in stating that her treatment had been conservative and citing a lack of surgery and "only" three physical therapy sessions.    (Doc. No. 8 at 15-17).    Plaintiff contends that the ALJ impermissibly made an implicit medical judgment when stating this constituted "conservative treatment." (*Id.*).    The Court disagrees.    The ALJ is permitted to – and again required to – consider Plaintiff's treatment history when analyzing medical opinions which may well include characterizing her treatment history based on the evidentiary record.    *See Myers v. Comm'r of Soc. Sec.*, 684 Fed. Appx. 186, 192 (3d Cir. 2017) (holding the ALJ appropriately discounted the treating physician's opinion, in part based on conservative

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record

_____

treatment); 20 C.F.R. § 404.1529(c)(3)(v).    Such analysis does not amount to a medical judgment, but an evidentiary one; the ALJ is not finding that conservative treatment was appropriate but that the record evidences such treatment.    In that light, Plaintiff's argument that the ALJ erred by characterizing her medical history as "conservative" is unconvincing as the evidence supports that this characterization was fair.    As the ALJ stated, the record reveals that Plaintiff did not receive surgery and only attended three physical therapy sessions.    (R. 32 (citing Exs. 1F-18F)).    Plaintiff does not contest this evidence, only the ALJ's characterization of the evidence.    Indeed, Plaintiff testified during her hearing that she went to physical therapy for only three sessions.    (R. 58).    As the record reflects conservative treatment, the ALJ acted within her discretion in making the evidentiary judgment that Plaintiff's treatment was conservative.    Accordingly, Plaintiff's argument on this point is without merit.

Further, to the extent that Plaintiff takes issue with the hypotheticals posed to the VE and the ALJ's reliance thereon, the Court notes that "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself."    *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005).    Hypotheticals posed to vocational experts need not reflect every impairment alleged by a claimant.    *See id.* at 554.    Instead, hypotheticals "must accurately convey to the vocational expert all of a claimant's credibly established limitations."    *Id.*    Upon careful review, the Court is satisfied that the ALJ's RFC determination reasonably accommodates all of the limitations supported by the medical and other evidence of record as outlined in the decision.    The Court finds no error in the ALJ's analysis of the doctors' opinions.    As such, substantial evidence supports the ALJ's RFC assessment, and because the operative hypothetical accurately conveyed Plaintiff's RFC, the ALJ appropriately relied upon the vocational expert's response.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.